**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
NOVA LOLLIS,

                      Plaintiff,

              - against -

US AIRWAYS,

                      Defendant.
-----------------------------------------------------------X

**ORDER**

CV 07-0737 (CPS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Nova Lollis ("Lollis") filed this personal injury action against US Airways ("U.S. Air") in the Supreme Court of the State of New York, County of Queens, on December 20, 2006. *See* Docket Entry ("DE") 1 (including, among other documents, defendant's Notice of Removal ("Notice") and plaintiff's Verified Complaint ("Complaint")). On February 21, 2007, U.S. Air filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that U.S. Air has not satisfied its burden of establishing that this court has original jurisdiction, and furthermore that it has failed sufficiently to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

      A.      <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*.

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, U.S. Air must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. Dec. 26, 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if complaint does not establish amount in controversy, "the court may look to the petition for removal").

      B.      <u>The Effects of New York's Procedural Law on Removal to Federal Court</u>

Lollis's complaint does not specify the amount of damages sought, and for good reason. New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that while exiting an aircraft owned and operated by U.S. Air,

Lollis "was caused to slip and fall," Complaint ¶ 12 – the Complaint employs boilerplate language to assert the extent of her injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. Complaint ¶¶ 20-22.

In describing the Lollis's injuries, the Complaint's most specific allegation is that Lollis "suffer[ed] serious, permanent injuries." Complaint ¶ 12. Although I can infer from these allegations that Lollis may seek a substantial recovery if U.S. Air's liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." See DeMarco, 2006 WL 463504, at *1 (citing Setlock v. Renwick, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001)).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "upon information and belief, plaintiff will be claiming damages in excess of $75,000." Notice ¶ 4. This conclusion is presumably based on the Complaint's allegations that Lollis was "grievously and enormously damaged," and that some of her injuries are permanent. Complaint ¶¶ 20-21. Even assuming these assertions to be true, however, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that the Lollis seek as a result of her injuries – exceeds $75,000.

Accordingly, I conclude that the pleadings now before the court do not satisfy U.S. Air's burden to establish the existence of federal jurisdiction. See DeMarco, 2006 WL 463504, at *2 (citing United Food & Commercial Workers Union, 30 F.3d at 304-05).

U.S. Air is not without recourse. The same state law provision that prohibited Lollis from including an allegation in her complaint that might support a sufficient notice of removal also provides a procedural mechanism by which U.S. Air can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2).

Nor is U.S. Air prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when U.S. Air receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*.; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows U.S. Air to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

C.   Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring U.S. Air to seek supplemental information under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, U.S. Air will need to find out the extent of the damages that Lollis claims to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If U.S. Air learns that Lollis seeks damages in excess of $75,000, it may seek to reopen the case in this court and Lollis will have to bear the burdens associated with the removal. On the other hand, if it turns out that Lollis does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to

allow U.S. Air to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

U.S. Air will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for U.S. Air to file any objections it may have. Under the pertinent rules, a stay until March 12, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6(a) (computation of time). Should U.S. Air actually pursue such relief, it may of course apply to me or to the district judge for a further stay pending resolution of its objections.[1]

---

[1] In addition, if U.S. Air can establish the amount in controversy before the stay elapses, either by virtue of information provided by Lollis or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.

D.    <u>Conclusion</u>

For the reasons set forth above, I respectfully direct the Clerk to enter an order remanding this case to the Supreme Court of the State of New York, Queens County.  In order to afford defendant U.S. Air sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until March 12, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 23, 2007

                                                <u>/s/ James Orenstein</u>
                                                JAMES ORENSTEIN
                                                U.S. Magistrate Judge